# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0809V
UNPUBLISHED

| | |
|---|---|
| GEORGE SEGAL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 7, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Braden Andrew Blumenstiel*, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 7, 2018, George Segal filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria and acellular pertussis ("Tdap") vaccination administered on June 10, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 6, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (a): a lump sum

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

payment of $65,000.00, representing compensation for pain and suffering; and (b) a lump sum payment of $135.04, representing compensation for satisfaction of an Ohio Medicaid lien. Proffer at 1-3. Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

**A. A lump sum payment of $65,000.00, representing compensation for pain and suffering in the form of a check payable to Petitioner; and**

**B. A lump sum payment of $135.04, representing compensation for satisfaction of an Ohio Medicaid lien, payable jointly to Petitioner and**

> **Treasurer, State of Ohio**
> **Ohio Tort Recovery Unit**
> **5475 Rings Road, Suite 200**
> **Dublin, OH 43017**
> **ODM Case No.: 1133700**

Petitioner agrees to endorse and mail this payment to the Ohio Tort Recovery Unit.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| GEORGE SEGAL | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 18-809V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 7, 2018, George Segal ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered left shoulder pain as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine[1] he received on June 10, 2015. Petition at 1.

On July 21, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded for SIRVA, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day. ECF No. 33; ECF No. 34.

**I.   Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $65,000.00 in actual pain and suffering. Petitioner agrees.

---

[1] Although petitioner alleged that he received a Tdap vaccination, medical records indicate that he received a tetanus and diphtheria vaccination. Exhibit ("Ex.") 10 at 8.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy an Ohio Medicaid lien in the amount of $135.04, through:

> Treasurer, State of Ohio
> Ohio Tort Recovery Unit
> 5475 Rings Road, Suite 200
> Dublin, OH 43017
> ODM Case No.: 1133700

This sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Ohio Department of Medicaid ("ODM") may have against any individual as a result of any Medicaid payments the ODM has made to or on behalf of George Segal from the date of his eligibility for benefits through the date of June 10, 2015, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

    A.    A lump sum payment of $65,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, George Segal; and

    B.    A lump sum payment of $135.04, representing compensation for satisfaction of an Ohio Medicaid lien, payable jointly to petitioner and Treasurer, State of Ohio.

Petitioner agrees to endorse and mail this payment to the Ohio Tort Recovery Unit.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump sum payable to petitioner, George Segal:    **$65,000.00**

    B.    Medicaid lien payable jointly to petitioner and Treasurer, State of Ohio:    **$135.04**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 514-9729
Email: sarah.c.duncan@usdoj.gov

DATED: July 6, 2022

3